UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BATTISTA GERITANO,

Plaintiff,

-against-

AUSA OFFICE FOR THE E.D.N.Y., *et al.*,

Defendants.

20-CV-0781 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently in New York State custody at Five Points Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that his rights were violated when he was in federal custody at the Metropolitan Correctional Center (MCC) in Manhattan. By order dated April 28, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court dismisses the named defendants but grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The events giving rise to this action concern Plaintiff's transfer from the Metropolitan Detention Center (MDC) in Brooklyn to the MCC, and Plaintiff's allegations that the conditions of his confinement at the MCC violated his constitutional rights. He names as defendants: (1) the

United States Attorney's Office for the Eastern District of New York ("USAO"); (2) Lindsay K. Gerdes, the Assistant United States Attorney in the USAO who prosecuted Plaintiff; (3) the Federal Bureau of Prisons (BOP); (4) the Metropolitan Correctional Center (MCC); (5) the United States District Court for the Eastern District of New York (EDNY); and (6) Judge Sterling Johnson, Jr., of EDNY, who presided over Plaintiff's violation of supervised release (VOSR) proceedings and a subsequent criminal proceeding, during which Plaintiff was transferred from the MDC to the MCC.

The following facts are taken from the complaint: On an unspecified date,

> Plaintiff was taken out of the Brooklyn M.D.C. and transferred to the M.C.C. – due to a vindictive prosecutor putting over 20 false separations on plaintiff at both facilities to keep plaintiff in solitary confinement. M.D.C. officials contacted AUSA Gerdes about these seps [separation orders] and she instructed them to ship me to M.C.C. New York even though Plaintiff was [the] sole defendant in the matter and has a serious heart condition due to lack of care in prison.

(ECF No. 2, at 3-4.)

Plaintiff alleges that at the MCC, he "was forced to live in a housing area that was filled with black mold, roach and mice-rat infestation where they were in our food clothing and lockers as well as our beds." (*Id.* at 4.) He also alleges that he "had to shower with water bugs – live in cells with clogged toilet for several days . . . forced to use plastic bags and lack of cleaning supplies." (*Id.*) Finally, Plaintiff alleges that at the MCC, he "was denied prescribed heart supplements for 18 months which contributed to having recently been stented for clotted arteries." (*Id.*) Either at the MCC or at another facility – the complaint is not clear – Plaintiff "was rushed out to [a] hospital due [to] the artery buildup in the arteries." (*Id.*)

For relief, Plaintiff seeks from this Court:

> a downward departure of the 78 months [he] pled to under duress . . . due to not being able to deal with situations such as the criminal case with a clear mind [he] was misled to accepting a plea in a court that did not have proper and

> constitutional venue to even offer such a plea, therefor[e] denying the court and prosecutor jurisdiction to proceed.

(*Id.* at 6.)

According to records maintained by the EDNY Electronic Case Management system, Plaintiff was convicted in two separate criminal proceedings. First, on March 31, 2004, Plaintiff's judgment of conviction was entered, indicating that Plaintiff was sentenced to 71 months' incarceration to run consecutively to his state-court sentence that he currently is serving.[2] *United States v. Geritano*, No. 03-CR-0970 (E.D.N.Y. Mar. 31, 2004) (ECF No. 113). On May 30, 2013, judgment was entered in Plaintiff's VOSR proceedings where Defendant Judge Johnson sentenced Plaintiff to 24 months' incarceration to be served consecutively to his state-court sentence, and a one-year term of supervision. *Id.* (ECF No. 366). On November 9, 2015, Plaintiff filed a motion to vacate his VOSR judgment under 28 U.S.C. § 2255, and that motion is still pending. *Id.* (ECF No. 384).

Second, on March 14, 2019, judgment was entered against Plaintiff in a new criminal proceeding before Judge Johnson where Plaintiff was sentenced to 78 months' incarceration. *See United States v. Geritano*, No. 17-CR-0251 (E.D.N.Y Mar. 14, 2019). (ECF No. 119). It appears that during this proceeding Plaintiff was transferred from the MDC to the MCC. Plaintiff filed a § 2255 motion challenging the conviction on February 5, 2020. *Id.* (ECF No. 126).

---

[2] According to records maintained by the New York State Department of Corrections and Community Supervision, Plaintiff is in state custody, serving an indeterminate sentence of 10 1/3 to 12 years' incarceration. http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000.

## DISCUSSION

### A. Challenge to conviction and sentence must be raised in a motion brought under 28 U.S.C. § 2255

Plaintiff brings this civil action seeking a modification of his sentence entered in the 17-CR-0251 matter. But Plaintiff may only challenge this sentence in the § 2255 motion pending before Judge Johnson. *See Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) (holding that § 2255 is the proper vehicle to challenge the imposition of a sentence). Moreover, to the extent Plaintiff seeks to assert that his conviction is unconstitutional, claiming that he pleaded guilty involuntarily in order to effectuate his transfer from MCC, such a challenge also must be raised in his pending § 2255. *See Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003) (holding that a collateral challenge, such as, "the failure of trial counsel to advise [the petitioner] to plead guilty . . . fall[s] within the scope of a § 2255 motion"). Thus, this Court cannot grant Plaintiff the relief he seeks in this petition – a modification of his sentence.

### B. Named Defendants are immune from liability for money damages

Although Plaintiff does not seek money damages from the named defendants, even if he did, these defendants are immune from liability for money damages. Judges are absolutely immune from suit for their judicial conduct, *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) (holding that judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities), and prosecutors are immune from suit for "acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process,'" *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Thus, Plaintiff's claims against Judge Johnson and Assistant Gerdes are

dismissed as these two defendants are both immune from liability. *See* 28 U.S.C. § 1915(e)(b)(iii).

Moreover, under the doctrine of sovereign immunity, the BOP, the USAO, the EDNY, and the MCC are all immune from suit. The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp*., 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). Thus, the Court dismisses these defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**C. Federal Tort Claims Act**

Because Plaintiff asserts facts related to the conditions of his confinement at the MCC, including a denial of medical care, the Court construes these allegations as asserting a claim for money damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80.

The FTCA provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. *See* § 1346(b)(1). The proper defendant for an FTCA claim is the United States of America. *See* § 1346(e); *see, e.g.*, *Holliday v. Augustine*, No. 14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015).

An FTCA claimant must exhaust his administrative remedies before filing suit in federal court by: (1) filing a claim for money damages with the appropriate federal government entity and (2) receiving a final written determination from that agency. *See* 28 U.S.C. § 2675(a); *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013). FTCA claims must be "presented in writing to the appropriate Federal agency within two years after such claim

accrues" and an FTCA action must be commenced within six months of when the agency issues its final denial of administrative remedy. *Roberson v. Greater Hudson Valley Family Health Ctr., Inc.*, ECF 1:17-CV-7325, 17, 2018 WL 2976024, at *2 (S.D.N.Y. June 12, 2018); *see also* 28 U.S.C. § 2401(b). This exhaustion requirement is jurisdictional and cannot be waived. *Celestine v. Mount Vernon Neighborhood Health Cir.*, 403 F.3d 76, 82 (2d Cir. 2005).

Plaintiff suggests in his complaint that he filed grievances at the MCC regarding the alleged denial of medical care and the conditions of his confinement (*see* ECF No. 2, at 5), but he does not assert any facts suggesting that he filed a claim with the BOP for money damages or that he received a final written determination from the BOP. The Court therefore dismisses this claim without prejudice to Plaintiff's filing an action asserting an FTCA claim against the United States, after he has exhausted his administrative remedies.

**D. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics***

Because Plaintiff alleges that he was denied medical care at the MCC, the Court liberally construes Plaintiff's complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[3] *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]."); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed § 1983 claims brought against federal employee as arising under *Bivens*).

[3] Federal prisoners challenging conditions of their confinement may do so in a petition brought under 28 U.S.C. § 2241, rather than in a civil rights action. *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008); *see, e.g.*, *Ilina v. Zickefoose*, 591 F. Supp. 2d 145, 150 (D. Conn. 2008) (noting that "the Second Circuit has repeatedly and consistently held § 2241 to be a proper vehicle for asserting conditions-of-confinement claims, without limitation"). But the federal prisoner must still be in custody at the facility in which he challenges a condition of his confinement. *See Thompson*, 525 F.3d at 209 (holding that because the petitioner had "since been transferred . . . [his] claims [were] therefore moot"). Plaintiff is no longer housed at the MCC, and therefore any claim brought under § 2241 would be moot.

The Supreme Court has recognized *Bivens* claims in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of an inmate under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017). Courts in this district have held that a federal pretrial detainee may bring a medical claim under the Fifth Amendment because such a claim is the same context as an Eighth Amendment claim already recognized in *Carlson*. *See, e.g.*, *Laurent v. Borecky*, No. 17-CV-3300 (PKC) (LB), 2018 WL 2973386, at *5 (E.D.N.Y. June 12, 2018).

To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389).

Plaintiff proceeds in this matter without representation of counsel. In light of his *pro se* status, the Court grants Plaintiff leave to file an amended complaint to name individual correctional staff at the MCC who he claims denied him medical treatment.

**LEAVE TO AMEND**

Plaintiff is granted leave to amend his complaint to detail his claims. First, Plaintiff must name as the defendant(s) in the caption[4] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated;

---

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint to assert claims under *Bivens*. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-0781 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses from the action USAO, EDNY, BOP, MCC, Judge Johnson, and Assistant Gerdes. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

A copy of this order is to be mailed in chambers.

SO ORDERED.

Dated: May 5, 2020
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

______________________________________________

______________________________________________

Write the full name of each plaintiff.

-against-

______________________________________________

______________________________________________

______________________________________________

______________________________________________

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_______________

(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: ______________________________

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

______________________________

First Name Middle Initial Last Name

______________________________

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

______________________________

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

______________________________

Current Place of Detention

______________________________

Institutional Address

______________________________

County, City State Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other: ______________________________

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 2:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 3:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 4:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

____________________ ____________________

Dated Plaintiff's Signature

First Name Middle Initial Last Name

Prison Address

County, City State Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: ____________