UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BATTISTA GERITANO,

                      Plaintiff,

-against-

AUSA OFFICE FOR THE E.D.N.Y., *et al.*,

                      Defendants.

20-CV-0781 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      By order dated May 5, 2020, the Court issued an order in this case granting Plaintiff leave to file an amended complaint to state a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff filed a submission, and the Court has reviewed it. For the reasons set forth below, the Court dismisses the action.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

This action concerns Plaintiff's medical care at the Metropolitan Correctional Center (MCC) in New York City. In its May 6, 2020 order, the Court dismissed Plaintiff's claims against the Federal Bureau of Prisons (FBOP) under the doctrine of sovereign immunity and construed the complaint as asserting a claim under the Federal Tort Claims Act (FTCA). Because Plaintiff had not stated any facts suggesting that he had exhausted his administrative remedies with the FBOP, the Court dismissed the FTCA claim without prejudice. In that same order, the Court granted Plaintiff leave to state a claim under *Bivens*, noting that to state such a claim, he needed to allege facts that plausibly showed that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389).

In Plaintiff's amended complaint, he makes the following allegations regarding his medical care:

> [F]rom the month of [M]ay in the year of . . . 2017, until the month of [M]arch 2019, [the FBOP] provided the plaintiff with [ ] the prescribed medication RANTIDINE, to be taken not once but twice a day for gastrointestinal disfunction. The FBOP, along with the Food and Drug Administration (FDA), have been well aware the pharmaceutical drug RANTIDINE, contained "cancer causing carcinogen" yet continued to provide [Plaintiff] with this medication as a generic cost benefit to the FBOP, rather than provide [Plaintiff] with Zantac.

2

(ECF No. 7, at 1.) Plaintiff does not name any individual defendants and mentions the FBOP as the only entity responsible for the alleged conduct.

The purpose of a *Bivens* action "is to deter individual federal *officers* from committing constitutional violations." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) (emphasis added). Thus, a *Bivens* claim may be brought only against an individual in a personal capacity, and not against a federal agency or against federal officials in their official capacities. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994). As Plaintiff does not state any facts suggesting that a federal officer was involved personally in violating Plaintiff's constitutional rights, the Court concludes that Plaintiff fails to state a claim under *Bivens*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

This action seeks relief from the FBOP for the medical care Plaintiff received at the MCC. To pursue such relief against a federal agency under the FTCA, Plaintiff must exhaust his administrative remedies with the FBOP before filing suit in federal court.[1] *See* 28 U.S.C. § 2675(a). As Plaintiff once again does not allege that he has done so, the Court dismisses the FTCA claim without prejudice.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

---

[1] The Court notes that the proper defendant in an FTCA action is the United States, not the federal agency. *See, e.g.*, *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015). ("The proper defendant in an FTCA claim is the United States").

4

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

SO ORDERED.

Dated:   September 28, 2020
           New York, New York

                                                  *Louis L. Stanton*
                                                    Louis L. Stanton
                                                        U.S.D.J.